**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| KATRINA SEPT, as mother of KHAMELL WILLIAMS, a minor, | ) | |
| Plaintiff, | ) | Case No.: |
| v. | ) | |
| UNITED STATES OF AMERICA | ) | Judge: |
| Defendant. | ) | |

**COMPLAINT AT LAW**

NOW COMES Plaintiff KATRINA SEPT, as mother of KHAMELL WILLIAMS, a minor, by her attorneys, The Ball Law Group, LLC, and for her cause of action against Defendant UNITED STATES OF AMERICA, does hereby complain as follows:

GENERAL ALLEGATIONS

1. The Plaintiff KATRINA SEPT ("Plaintiff SEPT") is the natural mother of the disabled minor, KHAMELL WILLIAMS ("Baby KHAMELL").

2. At all times pertinent herein, Plaintiff SEPT and Baby KHAMELL were residents of the State of Illinois, County of Cook, and lived within the Northern District of Illinois ("District").

3. Defendant UNITED STATES OF AMERICA ("Defendant USA") is named as a Defendant pursuant to the requirements of the Federal Tort Claims Act ("FTCA") 28 U.S.C. § 2671.

4. That during the year 2017 and at all times pertinent herein, Charles Lampley, M.D. was a physician, licensed to practice

in the State of Illinois, and was offering to the public obstetrical and gynecological services in or near the County of Cook and within this District.

5. That during the year 2017, including but not limited to September 5-6, 2017, and at all times pertinent herein, Charles Lampley, M.D. was a physician who provided care and treatment Plaintiff SEPT and Baby KHAMELL, including but not limited to prenatal, intrapartum, and/or postpartum care, at Access Community Health Network d/b/a ACCESS at Sinai, and while Plaintiff SEPT and Baby KHAMELL were confined at Sinai Health System d/b/a Mt. Sinai Hospital.

6. That at all times pertinent to this Complaint, various agents of Defendant USA, including but not limited to Charles Lampley, M.D., were employed by and/or were otherwise agents of one or more Access Community Health Network centers, which is/are Federally Qualified Healthcare Centers, and those agents of Defendant USA were acting within the scope and course of their employment and/or agency – thereby Defendant USA is vicariously liable for the acts and omissions of such healthcare professionals.

7. The acts of negligence as alleged in this Complaint all took place within the District.

8. An administrative tort claim was filed with the Department of Health and Human Services (DHHS) on or about August

21, 2019 and has been denied expressly thereby exhausting Plaintiff's administrative remedy.

9. Jurisdiction is conferred upon this Court pursuant to the FTCA 28 U.S.C. §§ 1346(b)(1), 1402(b), 2679(d)(2), and 1367(a).

10. That from September 5, 2017, and for some time prior and subsequent thereto, Plaintiff SEPT and Baby KHAMELL, while in utero and thereafter, as a minor, did receive medical care, treatment, and attention from various employees and/or agents, whether actual or apparent, of Defendant USA, including but not limited to Charles Lampley, M.D.

11. That prior to September 5, 2017, Plaintiff SEPT was seen for regular prenatal care at Access at SINAI and at Mt. Sinai Hospital on multiple occasions beginning in January 2017 where assessments for her pregnancy and fetal wellbeing were performed. From the medical records, Plaintiff SEPT'S prenatal care was unremarkable.

12. That on or about August 3, 2017, Plaintiff SEPT presented to Mt. Sinai Hospital at 36 weeks pregnant for an ultrasound, ordered by her primary/attending obstetrician, Charles Lampley, M.D. Baby KHAMELL was determined to be in the 90th percentile for weight and greater than 97th percentile for abdominal circumference, indicative of fetal macrosomia.

13. That on or about September 5, 2017, at 10:10 a.m., Plaintiff SEPT presented at Mt. Sinai Hospital at 38 weeks pregnant

reporting uterine contractions. Plaintiff SEPT was evaluated in OB triage, and counseled via telephone by her primary/attending obstetrician, Charles Lampley, M.D. Plaintiff SEPT was then reexamined in OB triage and discharged home at approximately 10:00 p.m. to follow up with Dr. Lampley on September 7, 2017.

14. About 40 minutes after being discharged and returning home on September 5, 2017, Plaintiff SEPT was transported via ambulance to Mt. Sinai Hospital and admitted at 12:47 a.m. on September 6, 2017.

15. The records indicate that on September 6, 2017, the estimated fetal weight was 4000 grams.

16. At 2:12 a.m., Baby KHAMELL was delivered vaginally at 39 weeks and 11 pounds. Baby KHAMELL'S delivery was complicated by shoulder dystocia and multiple attempts were made to maneuver his body to effectuate delivery.

17. Following delivery, the medical records indicate bruising on Baby KHAMELL'S left arm and on his left upper back with decreased range of motion. The Mt. Sinai Hospital neonatal records further indicate that Baby KHAMELL was large for gestational age, diagnosed him with Erb's palsy, and note left shoulder dystocia.

18. As a result of the failure to deliver Baby KHAMELL via caesarian section, excess lateral traction caused Baby KHAMELL permanent and severe injuries. The delay in delivery of Baby

KHAMELL vaginally resulted in the minor sustaining severe brain damage and injuries related thereto, including but not limited to Erb's palsy and gastroesophageal reflux disease.

19. Baby KHAMELL'S diagnosis of Erb's palsy is a severe and permanent condition requiring specialized and continuous care over the entirety of his lifetime. Baby KHAMELL'S gastrointestinal issues include regurgitation and emesis after every feeding, which is currently managed with medication. It is expected Baby KHAMELL will require long term care over his lifetime, including medical, physical, occupational, vision, hearing, language, speech and communication therapies/treatments.

## COUNT I
## Medical Negligence – Defendant USA

20. Plaintiff KATRINA SEPT, as mother of KHAMELL WILLIAMS, a minor, realleges and incorporates herein by reference the above paragraphs of this Complaint as if fully restated herein.

21. That on or about September 5-6, 2017, and for some time prior and subsequent thereto, Plaintiff SEPT and Baby KHAMELL were admitted to Mount Sinai Hospital and were within the care, custody and control of Defendant USA by and through its various agents, including but not limited to Charles Lampley, M.D., acting within the course and scope of his agency.

22. That on or about September 5-6, 2017 and thereafter and at all times relevant herein, Defendant USA, by and through its

agents, including but not limited to Charles Lampley, M.D., did undertake the care of Plaintiff SEPT and Baby KHAMELL during the course of the prenatal, intrapartum, labor and delivery, neonatal, and/or postpartum periods.

23.    That on or about September 5-6, 2017 and at all times relevant herein it then and there became the duty of the Defendant USA, by and through its agents including but not limited to Charles Lampley, M.D., to render healthcare services consistent with the medical requirements of the patients Plaintiff SEPT and Baby KHAMELL, and to possess and apply that degree of care, treatment, and skill commonly exercised by other healthcare professionals in the same or similar circumstances and to avoid harm.

24.    After assuming the care and treatment of Plaintiff SEPT and Baby KHAMELL, Defendant USA, by and through its agents including but not limited to Charles Lampley, M.D., deviated from the accepted standard of care and was then and there guilty of one or more of the following negligent acts and/or omissions:

      a. Carelessly and negligently failed to take the proper and due cognizance of the condition of ill-being and/or distress suffered by Baby KHAMELL, and failed to make a correct and timely diagnosis of the nature and extent thereof;

      b. Carelessly and negligently failed to call a consultant who specializes in and is capable of diagnosing and treating the conditions of ill-being and/or distress suffered by Baby KHAMELL;

      c. Carelessly and negligently failed to order appropriate procedures and/or intervention in a timely manner for Baby KHAMELL;

d. Otherwise, carelessly and negligently cared for and treated Baby KHAMELL, after his delivery.

25. That a reasonably prudent healthcare provider under the same or similar conditions would not have committed the aforementioned negligent acts and/or omissions.

26. That as a direct and proximate result of one or more the aforesaid acts of negligence and/or omissions, Baby KHAMELL did sustain permanent and severe injuries, including Erb's Palsy and gastroesophageal reflux disease along with other deficits.

27. That as a direct and proximate result of one or more of the aforesaid acts of negligence, Baby KHAMELL has suffered great pain, suffering, disability and will in the future continue to endure such pain, psychological, neurological, and emotional injuries, and will incur substantial medical expenses.

28. That as a direct and proximate result of one or more of the aforesaid acts of negligence, Baby KHAMELL did sustain other pecuniary loss and other expenses and damage and will in the future incur other pecuniary loss and expense.

29. That as a direct and proximate result of one or more of the aforesaid acts of negligence, Plaintiff SEPT has incurred and will continue to incur medical and other expenses for the extraordinary needs of Baby KHAMELL for which she claims compensation herein.

30. Plaintiff attaches the Affidavit of his attorney, pursuant to 735 ILCS 5/2-622(a)(1) as Exhibit A. The corresponding report of qualified physician required is attached hereto as Exhibit B.

WHEREFORE, Plaintiff KATRINA SEPT, as mother of KHAMELL WILLIAMS, a minor, demands a Jury Trial and prays that this Honorable Court enter judgment against the Defendant USA in an amount in excess of seventy-five thousand dollars ($75,000.00) to be proven at trial, pre and post judgment interest, costs, and attorney's fees and such other relief as the Court deems proper.

## COUNT II
## Family Expense Act – Defendant USA

31. Plaintiff KATRINA SEPT, as mother of KHAMELL WILLIAMS, a minor, realleges and incorporates herein by reference the above paragraphs of this Complaint as if fully restated herein.

32. As a direct and prximate result of one or more of the foregoing negligent acts or omissions on the part of Defendant USA, by and through its actual, apparent, and/or ostensible agents, employees, and/or servants, including but not limited to Charles Lampley, M.D., the Plaintiff has incurred expenses in the form of medical bills and other extraordinary expenses to care for and treat Baby KHAMELL, from approximately September 6, 2017 up to and including the present and will continue to do so in the future.

33. The damages sustained are in excess of seventy-five thousand dollars ($75,000.00).

WHEREFORE, Plaintiff KATRINA SEPT, as mother of KHAMELL WILLIAMS, a minor, demands a Jury Trial and prays that this Honorable Court enter judgment against the Defendant USA in an amount in excess of seventy-five thousand dollars ($75,000.00) to be proven at trial, pre and post judgment interest, costs, and attorney's fees and such other relief as the Court deems proper.

Dated: February 27, 2020

Jessica Meyer
Attorney for Plaintiff KATRINA SEPT, as mother of KHAMELL WILLIAMS, a minor

James T. Ball (6189040)
Jessica R. Meyer (6324348)
**THE BALL LAW GROUP, LLC**
Attorneys for Plaintiff
120 S. LaSalle Street
Suite 1540
Chicago, IL 60603
312.609.4900
312.609.4901 fax
jballlaw@ymail.com

**JURY DEMAND**

Plaintiff KATRINA SEPT, as mother of KHAMELL WILLIAMS, a minor, hereby demands a trial by jury.

Dated: February 27, 2020

Jessica Meyer
Attorney for Plaintiff KATRINA SEPT, as mother of KHAMELL WILLIAMS, a minor

James T. Ball (6189040)
Jessica R. Meyer (6324348)
**THE BALL LAW GROUP, LLC**
Attorneys for Plaintiff
120 S. LaSalle Street
Suite 1540
Chicago, IL 60603
312.609.4900
312.609.4901 fax
jballlaw@ymail.com